```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF ALABAMA
                      SOUTHERN DIVISION
```

MICHAEL R. PARDUE,                  :

    Petitioner,                 :

v.                                  :       CIVIL ACTION 13-0131-CG-M

CHERYL PRICE,                       :

    Respondent.                 :

## REPORT AND RECOMMENDATION

This is an action under 28 U.S.C. § 2254 by an Alabama inmate which has been referred for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 8 of the Rules Governing Section 2254 Cases.  No evidentiary hearing is required.  It is recommended that this petition be denied and that this action be dismissed so that Petitioner can exhaust his state remedies.[1]  It is further recommended that judgment be entered in favor of Respondent Cheryl Price and against Petitioner Michael R. Pardue.  Finally, it is recommended that any certificate of appealability filed by Petitioner be denied as he is not entitled to appeal *in forma pauperis*.

Petitioner was convicted of first-degree burglary and

---

[1] Petitioner has also filed a Motion for Immediate Release Pending Final Judgment and Emergency Expedited Relief (Doc. 2).  This Motion is **DENIED**.

first-degree theft of property in the Circuit Court of Escambia County on September 23, 2011 (Doc. 1; *cf.* Doc. 6, p. 2). Petitioner received a sentence of twenty years in the State penitentiary (*id.*). Pardue appealed that decision to the Alabama Court of Criminal Appeals, but has not yet rendered a decision (Doc. 1, p. 3, 7).

Petitioner filed a complaint on March 18, 2013, raising the following claims: (1) His conviction violated the Double Jeopardy Clause; and (2) the Alabama Court of Criminal Appeals' failure to rule on his appeal amounts to no available remedy (Docs. 1).

Respondent asserts that although Petitioner has raised his first claim in the Alabama Court of Criminal Appeals, he has not waited for the Court to rule on his appeal (Doc. 6).[2] The Court notes that Pardue admits in his Complaint that the Alabama appellate court has not ruled on his first claim (Doc. 1, p. 7).

This Court finds that Petitioner has failed to exhaust his state remedies with regard to these claims. Under federal statutory law, this Court cannot grant a petition for habeas corpus under § 2254 if the Petitioner has not exhausted his claims in the State courts. 28 U.S.C. § 2254(b)(1)(A). As

---

[2]With regard to Pardue's second claim, the State asserts that it is not a federal claim and should be ignored for purposes of this action (Doc. 6, p. 2 n.2).

such, this Court cannot rule on Pardue's petition.  *McNair v. Campbell*, 416 F.3d 1291, 1302 (11th Cir. 2005); s*ee also Rose v. Lundy*, 455 U.S. 509, 518 (1982).

Therefore, it is recommended that this petition be denied and that this action be dismissed so that Petitioner can exhaust his state remedies.  It is further recommended that judgment be entered in favor of Respondent Cheryl Price and against Petitioner Michael R. Pardue.

Furthermore, pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, the undersigned recommends that a certificate of appealability (hereinafter *COA*) in this case be denied.  28 U.S.C. foll. § 2254, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant").  The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a COA.  28 U.S.C. § 2253(c)(1).  Where a habeas petition is being denied on procedural grounds, "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v.*

3

*McDaniel*, 529 U.S. 473, 484 (2000).  As Pardue has not exhausted his available State court remedies, a reasonable jurist could not conclude either that this Court is in error in dismissing the instant petition or that Petitioner should be allowed to proceed further.  *Slack* 529 U.S. at 484 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further").

## CONCLUSION

It is recommended that Petitioner's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, be denied.  It is further recommended that any certificate of appealability filed by Petitioner be denied as he is not entitled to appeal *in forma pauperis*.

<u>MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>

1.  **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for

challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed <u>de</u> <u>novo</u> and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

DONE this 20th day of May, 2013.

s/BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE